## SCOGGINS vs. WILSON ET AL.

An instruction which, in effect, tells the jury that they must find a verdict for either party, is erroneous, and it is good cause for reversing a judgment.

### APPEAL FROM ATCHISON CIRCUIT COURT.

### STATEMENT OF THE CASE.

Elizabeth W. Scoggin sued Henry B. Roberts, Robert Wilson, Hiram Rich, William Cunningham and Samuel P. Burnet in trespass, in the Atchison circuit court, for taking and converting to their use, one trunk and its contents, consisting of about 300 dollars. To the declaration, the defendants plead the general issue. The plaintiff then filed a petition for discovery. Rich and Wilson answered, and the others failing to answer according to the order of the court, the facts stated in the petition were ordered to be taken as confessed. The case was then dismissed as to Cunningham, and tried by a jury as to the other defendants. On the trial, the plaintiff read to the jury the answers of Rich and Wilson, the petition for discovery and the deposition of Warmcastle, and also examined one Hardin as a witness. The evidence shows that Rich and Wilson had executions against said Hardin, and that James P. Burnes, as constable, assisted by Roberts and Cunningham, levied said executions upon plaintiff's trunk and money, in amount about 250 or 300 dollars; and that Hardin paid no money on said execution, and Wilson received on said executions 220 dollars of said money.

The court then gave to the jury the following instructions on the part of the plaintiff.

1. "That if they believe from the evidence, that the defendants took a trunk and money of the plaintiff and converted the same to their own use, or the use of any or either of them, they will find for the plaintiff."

The plaintiff also asked the court to give the following instructions, which were refused by the court.

2. "That if only a part of the defendants were personally present at the time the property was taken, and those who were not present afterwards consented to the trespass, they so consenting, are liable in this case."

3. "That if they believe from the evidence, that money and property was levied upon by part of said defendants, to satisfy an execution in favor of Rich and Wilson, and that defendant, Wilson, afterwards received a portion or all of the money made by such levy, then they are liable in this action."

The court gave to the jury the following instruction on the part of defendants, to wit :

1. "That the answers of Rich and Wilson, not being contradicted by other evidence, are to be taken as true, and if so taken, they will find for said defendants, Hiram Rich and Robert Wilson."

The plaintiff then took a nonsuit, and filed a motion to set it aside and for a new trial, which said motions being overruled by the court, the plaintiff excepted and has brought the case here by appeal.

EDWARDS &. JONES for appellant.

1. In trespass all are principals, and those who direct or assent to a trespass for their benefit, are equally liable with those who actually commit it. (7 Mo. Rep. 176.) Burnes, as constable, at the instance of Roberts, as agent of Wilson and Rich, levied an execution in favor of said Wilson and Rich on the property of plaintiff, and said Burnes and Roberts afterwards paid Wilson $220 of the money of plaintiff. The acts of Burnes and Roberts, as the agents of Wilson and Rich, were the acts of Rich and Wilson. "Qui facit per alium, facit per se." But if the acts of Burnes and Roberts, as the agents of Wilson and Rich, did not render them liable, yet as the trespass was committed for their benefit, and Wilson having afterwards received the money, thereby assented to the trespass, and renders them liable in this action ; therefore the court erred in refusing to give the 2nd and 3rd instructions asked by plaintiff.

2. The instruction given on the part of Rich and Wilson takes the whole case, so far as they are concerned, from the jury. The court, therefore, erred in giving it. 6 Mo. Rep. 72 and 73.

3. It is error for a court to tell a jury, that a certain fact had been proven, or that they must believe the evidence or any part thereof. 8 Mo. Rep. 226, 7, 8, 9; 4 Mo. Rep. 106; Ibid 356. Therefore the court erred in giving the instruction on the part of Rich and Wilson, as the court assumes in that instruction, that there is no evidence contradicting their answers, and that the jury must, therefore, believe their answers true and find for them. This instruction is not only wrong as invading the province of the jury, but it is wrong because it assumes the law to be that the plaintiff can't recover, unless she can contradict the answers.

4. An instruction, not predicated on the evidence in the cause, is erroneous. (8 Mo. Rep. 224.) The instruction given for plaintiff, and the one given for Rich and Wilson, are contradictory, and one of them ought to have been withdrawn from the jury. (4 Mo. Rep. 279.) The instruction given for plaintiff assumes to be predicated upon evidence that would warrant the jury in finding against all the defendants, whilst the one given for Rich and Wilson, declares that there is no evidence against them, and that the jury are bound to find for them. One of these instructions, therefore, should have been withdrawn from the jury.

5. The strength and sufficiency of evidence should be left to the jury. (4 Mo. Rep. 356.)

RYLAND, Judge, delivered the opinion of the court.

From the above statement, it will be apparent that the act of the court

11

below, in giving the instruction for the defendants, Rich and Wilson, as appears in the record, is the principal ground of complaint.

The instruction is set forth in the statement of the case, and is in our opinion erroneous. It takes the case from the jury, and means nothing more nor less than a positive direction for the jury to find for the defendants, Rich and Wilson.

Similar instructions have heretofore been declared by this court a sufficient ground for its interference, and we see no good reason for a departure from our future course.

Let the judgment be reversed and cause remanded.